UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL WARD-El, et. al.,

    Plaintiff,                                  Case No. 13-13595

v.                                              HONORABLE STEPHEN J. MURPHY, III

DANIEL H. HEYNS, et. al. ,

    Defendant.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiffs Nathaniel Ward-El, Dionne D. Jordan, Isilio Ramirez, Carlos Paz, Johnny Gipson-El, and Lester Macklin-El are Michigan prisoners confined at the Central Michigan Correctional Facility in St. Louis, Michigan. The plaintiffs seek to file a joint civil rights complaint and also seek certification to file a class action. The Court has reviewed the complaint and dismisses it without prejudice to the plaintiffs filing individual complaints.

## BACKGROUND

Plaintiffs claim that the City of St. Louis, Michigan has permitted the Michigan Department of Corrections (M.D.O.C.) to build three prisons in a section of the City of St. Louis that has been classified as a hazard zone because of polluted water, which the plaintiffs claim is endangering their health. Plaintiffs further claim that they are being subjected to overcrowding and fear for their safety on a "daily basis." Plaintiffs claim that there has been an increase in acts of violence at the prison as a result of the overcrowding at the prison facility. Plaintiffs further claim that defendant Daniel Heyns, the director of the M.D.O.C., has entered into a contract with Public Communication Services, Inc., that has lead to an unfair increase in telephone rates for prisoners. Plaintiffs further claim that there

has been an outbreak of MRSA (Methicillin-resistant Staphylococcus aureus) at the Central Michigan Correctional Facility because of a decrease in sanitation levels. Plaintiffs seek injunctive and declaratory relief as well as monetary damages.

## DISCUSSION

The Court dismisses the complaint without prejudice for several reasons.

I. Plaintiff Ward-El's Failure to File an Application to Proceed *in Forma Pauperis* or Pay the Filing Fee

As an initial matter, the Court notes that Plaintiff Ward-El did not file an application to proceed *in forma pauperis* nor did he pay any portion of the $400.00 filing fee.

The Prison Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action of files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Although the PLRA does not specify how fees are to be assessed when multiple prisoners file a joint complaint, the Sixth Circuit has suggested that fees and costs be divided equally between the plaintiffs. *In Re Prison Litigation Reform Act,* 105 F. 3d at 1137-38.[1]

---

[1] Although the courts of this district have relied on the administrative order in *In Re Prison Litigation Reform Act* for the proposition that the filing fee should be apportioned between multiple prisoner plaintiffs, *See e.g. Spencer v. Bynum*, No. 13–13056, 2013 WL 4041870 (E.D. Mich. Aug 8, 2013); Williams *v. Lafler*, No. 08-13821, 2009 WL 87004, at *1 (E.D. Mich. Jan.12, 2009); *Coleman v. Granholm*, No. 06-12485, 2007 WL 1011662, at *2 (E.D.Mich. Mar. 29, 2007), other district courts within the Sixth Circuit have concluded that since the Sixth Circuit's administrative order in that case "did not consider the impact of Fed.R.Civ.P. 20 on implementation of the PLRA [or the fact that] the PLRA was designed

Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he or she files an affidavit of indigency and a certified copy of the trust fund account statement for the six month period immediately preceding the filing of the complaint. *See* 28 U.S.C.A. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court normally must notify the prisoner of the deficiency and grant him or her thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the full fee, and order the case dismissed for failure to prosecute. *Id.*

Therefore, the complaint is deficient because Plaintiff Ward-El did not file an application to proceed *in forma pauperis*.

II.   Plaintiffs' Failure to Provide Sufficient Copies of
      the Complaint for Service upon the Defendants

In addition, the plaintiffs have failed to provide sufficient copies of the complaint for service upon the defendants. An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint. *See Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). Where a plaintiff is

---

to make prisoners feel the deterrent effect of the filing fee ... [courts should conclude that] each separate plaintiff is individually responsible for a full filing fee...." *Jones v. Fletcher*, No. A.05CV07-JMH, 2005 WL 1175960, at *6 (E.D. Ky. May 5, 2005); *Lawson v. Sizemore*, No. A.05-CV-108-KKC, 2005 WL 1514310, at *1 n. 1 (E.D. Ky. June 24, 2005). Other circuits have likewise held that each prisoner in a multiple prisoner plaintiff action is required to pay the entire filing fee rather than have the fee apportioned among the different prisoners. *See e.g. Hagan v. Rogers*, 570 F.3d 146, 155-56 (3rd Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001).

proceeding *in forma pauperis,* the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Williams v. McLemore,* 10 Fed. Appx. 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d)

### III. Plaintiffs' Class Action Suit

The plaintiffs seek to file a class action suit in this case. A prisoner proceeding *pro se* is inadequate to represent the interests of his or her fellow inmates in a class action. *See e.g. Heard v. Caruso*, 351 Fed. Appx. 1, 15 (6th Cir. 2009); *Palasty v. Hawk,* 15 Fed. Appx. 197, 200 (6th Cir. 2001). Accordingly, the Court will deny any such request by the plaintiffs to file a class action because none of these plaintiffs can adequately protect the interests of the class.

If any of the plaintiffs had filed an individual complaint with the above mentioned deficiencies, this Court would issue an order for that plaintiff to correct the deficiencies within a certain period of time. If the plaintiff corrected the deficiencies, the case would proceed. If the plaintiff did not correct the deficiencies, the complaint would be dismissed. The difficulty in this case concerns when, where, how, and by whom these various deficiencies would or should be corrected. Also of concern to the Court is the potential prejudice to any of the plaintiffs if there were delays in correcting the deficiencies by any plaintiff who might be deemed responsible for the correction of any of the deficiencies.

### IV. Plaintiffs' Joint Complaint

Here, different prisoners have attempted to file a joint complaint. The Court is aware that the joinder of claims, parties, and remedies is "strongly encouraged" when appropriate

to further judicial economy and fairness. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). Fed.R.Civ.P. 20(a)(1), in fact, states: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

Nevertheless, there are significant practical problems with allowing several prisoners to file a joint complaint. As another judge in this district has noted, there are "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder even if it were otherwise allowed by Rule 20(a)." *Proctor v. Applegate,* 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009)(*Report and Recommendation adopted by* Borman, J.)(citing *Boretsky v. Corzine,* No. 08-2265, 2008 WL 2512916, * 5 (D.N.J. June 23, 2008)). Several of the problems that arise from multiple plaintiff prisoner litigation include the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id.* (*quoting Boretsky,* at * 5). Moreover, allowing multiple prisoner-plaintiffs to proceed in a single action "invites violations of Rule 11(a), which requires every pleading to be signed by all *pro se* plaintiffs." *Proctor,* 661 F. Supp. 2d at 780 (citing *Ghashiyah v. Frank*, No. 05-C-0766, 2008 WL 680203, * 1 (E.D.Wis. March 10, 2008).

Multiple plaintiff prisoner cases like these can also often lead to pleadings being filed on behalf of the other plaintiffs without their consent. *Id.* An additional problem with multi-plaintiff litigation in the prisoner context is that "jail populations are notably transitory,

5

making joint litigation difficult." *Id.* (*quoting Boretsky*, at *5); *See also White v. Tennessee Bd. of Probation and Paroles*, No. 06-2784-B/P, 2007 WL 1309402 (W.D.Tenn. May 3, 2007) ("[I]t is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action"). Other district courts have also pointed to the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)." *Proctor,* 661 F. Supp. 2d at 780 (*quoting Boretsky*, at *6)(additional citations omitted). Prisoners are simply not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." *Id.* (*quoting Boretsky*, at *6).

## CONCLUSION

The Court recognizes that misjoinder of parties is not normally sufficient to dismiss an action in its entirety, although misjoined parties can be dismissed from the action by the Court. *See Proctor,* 661 F. Supp. 2d at 781 (citing Fed.R.Civ.P. 21) (additional citations omitted). But in light of the many others deficiencies in this case, the lead plaintiff's failed to file an application to proceed *in forma pauperis*, the plaintiffs' failure to provide sufficient copies of the complaint for service upon the defendants, and plaintiffs' attempt to file a class action on behalf of other plaintiffs, the best course of action here would be to dismiss the complaint without prejudice to the individual plaintiffs filing complaints on their own behalf. *See e.g. Fuller v. Heyns*, No. 2:12-CV-12371; 2012 WL 2374222, *4 (E.D. Mich. June 22, 2012).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE** to the plaintiffs each filing individual complaints on their own behalf.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 6, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 6, 2013, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager